IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03548-GPG

YVENSON LEBRUN,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GOERGE VALDEZ,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA,[2] Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Emergency Motion to Enforce August 19, 2026 Habeas Order, For Immediate Release or, Alternatively, A Prompt Compliant Bond Hearing (D. 18). The Court DENIES the motion for the following reasons.

On August 19, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

[2] Substituted pursuant to Fed. R. Civ. P. 25(d).

detention is proper and was proper at the time of his arrest" (D. 13). On August 24, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 15-1). The IJ denied bond on the basis that "DHS has met its burden to establish Respondent's continued detention is proper and was proper at the time of Respondent's arrest by clear and convincing evidence" and "Respondent does present a flight risk by preponderance of the evidence" (*id.* at 4). Petitioner argues that Respondents did not provide him with adequate advance notice of the custody hearing, DHS did not meet its burden of proof at the bond hearing, the immigration warrant for his arrest did not exist at the time of his arrest, and he received the written bond determination late, depriving him of the opportunity to respond to the IJ's findings (D. 18). Respondents filed a response to Petitioner's motion to enforce on September 29, 2026, rebutting each of Petitioner's arguments (D. 20).

None of Petitioner's arguments show that Respondents have failed to comply with this Court's Order. First, Petitioner's immigration counsel was notified of the custody redetermination hearing on August 20, 2026, via electronic service (D. 20-1). Thus, Petitioner was provided with more than 24 hours' notice of the hearing. Second, Petitioner's argument that DHS did not meet its burden of proof boils down to a disagreement with the IJ that DHS's evidence of Petitioner's pending criminal charges was sufficient to prove, by clear and convincing evidence, that Petitioner is a danger to community. While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial

review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of proof, and Respondents appear to have done so. The Court is not at liberty to revisit the IJ's particular finding as to whether that burden was satisfied. Third, Respondents have produced to the Court a copy of the warrant justifying Petitioner's detention at the time he was detained (D. 15-2). The warrant is dated March 26, 2025 (*id.*). Fourth, the Court's Order did not require the Respondents provide Petitioner with a written determination of the IJ within a certain period of time. Further, Petitioner does not explain how the delay impacted "his ability to assess the Immigration Judge's findings and promptly present errors to this Court" (D. 18 at 4).

Accordingly, Petitioner's motion to enforce is DENIED.

DATED October 13, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge